UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DIJON BERNARD,<br><br>    Plaintiff,<br><br>vs.<br><br>SMART TRANSPORTATION DIVISION, *et al.*,<br><br>    Defendants. | **Case No. 2:23-cv-10235-SB-DTB**<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

    Defendant SMART Transportation Division's Motion to Dismiss First Amended Complaint came on for hearing before this Court on July 12, 2024, at 8:30 a.m. After full consideration of the matter, this Court finds that the First Amended Complaint ("FAC") will be dismissed with prejudice.

    According to the FAC, Plaintiff was employed by the Los Angeles County Metropolitan Transportation Authority ("LA Metro"), where the union that represented him was Defendant. Plaintiff was terminated from his employment for reasons not apparent on the face of the FAC. This action is against only the union; he brings no claims in this case against the employer.

    Plaintiff's original complaint asserted a Title VII cause of action, which the Court found was not timely filed, and therefore dismissed it with prejudice. The Court dismissed the remainder of the complaint with leave to amend. In the FAC, Plaintiff includes cause of action headings that all appear to be based on California law. However, Plaintiff also makes references that cite 42 U.S.C. § 1981. Therefore, the Court continues to have jurisdiction over the case based on the federal question presented in the complaint. Even if Plaintiff's reference to § 1981 did not represent an attempt by him to raise a federal claim, jurisdiction is determined at the time of removal, notwithstanding dismissal of federal claims at a later date, <u>Bright v. Bechtel</u>

1  Petroleum, 780 F.2d 766, 771 (9th Cir. 1986), so the Court continues to have pendent
2  jurisdiction over state-law claims arising from the same facts that the Title VII claim
3  relied on. The Court exercises its discretion to rule on the merits of the motion to
4  dismiss, finding that "the values of judicial economy, convenience, fairness, and
5  comity . . . ." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th
6  Cir. 1990) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)),
7  weigh in favor of the Court doing so.

8       Plaintiff cites a union's duty of fair representation toward members of the
9  bargaining units represented by that union. To the extent that by this citation Plaintiff
10 seeks to bring such a claim, he has not alleged sufficient facts to show arbitrary,
11 discriminatory, or bad-faith conduct by Defendant. See Logan v. S. Cal. Rapid Transit
12 Dist., 136 Cal. App. 3d 116, 129 (Cal. App. 1982) (citing Vaca v. Sipes, 386 U.S.
13 171, 190 (1967)).

14      Plaintiff's claims for breach of contract and breach of implied covenant of good
15 faith and fair dealing also fail. Plaintiff has not identified the contract on which his
16 claims are based, or the ways in which Defendant's conduct alleged breached the
17 contract or the implied covenant that arises from that contract.

18      To the extent Plaintiff relies on a collective-bargaining agreement between his
19 employer and the Defendant, he does not claim he is a party to that contract, and he
20 does not allege any facts from which the Court could conclude that he has any third-
21 party right to enforce that contract against Defendant. Under Steelworkers v. Rawson,
22 495 U.S. 362, 374 (1990), in order for a member to sue a union as third-party
23 beneficiary of a collective-bargaining agreement, the union must have specifically
24 taken on some extra duties toward the members. That is a rule of federal law, which
25 is not applicable to any collective-bargaining agreement covering Plaintiff's
26 employment at LA Metro, a government agency, but assuming California would
27 apply that rule, Plaintiff has not pleaded any extra duties Defendant took on regarding
28 which could sue Defendant. Moreover, under general third-party beneficiary law,

1  Plaintiff has not identified any elements of an agreement that LA Metro negotiated
2  expressly for his benefit. <u>Mercury Cas. Co. v. Maloney</u>, 113 Cal. App. 4th 799, 802
3  (2003).

4        Plaintiff's negligence cause of action fails because under state law a union is
5  held to the duty of fair representation standard in negligence actions, <u>Lane v.
6  Stationary Eng'rs</u>, 212 Cal. App. 3d 164, 174 (Cal. App. 1989), and, as stated above,
7  Plaintiff has not alleged any facts showing arbitrary, discriminatory, or bad-faith
8  conduct by Defendant.

9        To the extent Plaintiff seeks to make a claim under California Labor Code
10 § 1102.5, it fails because he has not alleged facts showing that Defendant was his
11 employer or acting at his employers behest; that he blew the whistle on his employer
12 or was prevented by employer policy from doing so; or that any actions taken by
13 Defendant were done in retaliation for some whistleblowing conduct.

14       Finally, as the Court previously found in dismissing the original complaint, the
15 FAC alleges no facts from which it could be plausibly concluded that Defendant
16 violated 42 U.S.C. § 1981. Plaintiff states that Defendant acted on the basis of race,
17 but he says so only in conclusory fashion, without any allegations of fact to support
18 the claim. Therefore, the Court finds again that allegations of fact do not give rise to
19 a § 1981 claim.

20       All told, the FAC represents a mere rehash of the original complaint. It contains
21 no meaningful additional allegations or detail, but simply puts new legal labels on the
22 same facts. Because the original dismissal was premised in part on insufficient factual
23 allegation, thus putting Plaintiff on notice that additional allegations of fact were
24 needed for his complaint to survive a motion to dismiss, the Court finds that
25 permitting further amendment would be futile.

26
27
28

Therefore, the First Amended Complaint is dismissed with prejudice. Judgment of dismissal shall issue separately. SO ORDERED.

Dated:

Stanley Blumenfeld, Jr.
United States District Judge