FILED

DIJON BERNARD
1920 SAN VINCENTE
COMPTON, CA 90221

2026 JUL 14  AM 11: 07

CLERK US DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DIJON BERNARD                )    CASE NO.: 2:23-cv-10235-SB-DTB
                             )
              Plaintiff      )
                             )
                             )    OBJECTION TO REPORT AND
                             )    RECOMMENDATION
        v.                   )
                             )
                             )
SMART TRANSPORTATION         )
                             )
                             )
                             )
                             )
              Defendant      )
_____

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Dijon Bernard, proceeding *pro se*, respectfully files these Objections to the Report and Recommendation ("R&R") issued by Magistrate Judge David T. Bristow dated 6/30/26 of the Report and Recommendation.

**Introduction**

Plaintiff objects to the R&R's recommendation that Defendant's motion to

1

dismiss be denied. The Magistrate Judge's recommendation is based on a clearly correctable finding of fact and a conclusion of law that is contrary to established precedent. Plaintiff objects to the following of the R&R:

**Standard and Review**

Plaintiff has the ability to add new legal theories to the strong evidence that we already have and the ability to organize it all in the proper legal format. The causes of action will be structured in the correct way as follows:

(1)    Discrimination of Against, Age, Race, Gender, Bias, and Religion

(2)    Breach of Implied Covenant of Good faith and fair dealing

(3)    Breach of Contract

(4)    Duty of Fair Representation

(5)    Gross Negligence

Plaintiff will be placing all of the proper evidence and facts, truth, laws and new case laws supporting each causes of action. Plaintiff has substantial new case laws to show the court that the defendant was conspiring with their own company employer. These are the laws that will be included in the amended complaint to support the causes of action, 42 U.S.C Section 1983, Title VII of the civil rights act of 1964; case laws from the Title VII 1991 Amended; gross negligence legal doctrine; Duty of Fair Representation, Title VII of the civil rights act of 1964; Title VII and the NLRB laws an EEOC case law.

Plaintiff is objecting to the Report and Recommendation based on the qualification of new federal laws, 42 U.S.C. Section 1983; new labor laws PERB and California Government Codes will be correctly address in the Amended Complaint.

Plaintiff objects to the Report and Recommendation that the Magistrate has indicated that plaintiff cannot state a plausible claim on the breach of implied covenant of

2

good faith and fair dealings; breach of contract; duty of fair representation and gross negligence.

Plaintiffs has better laws, cases laws and legal theory, and plaintiffs have more significant facts under a cognizable law theory.

Plaintiff with the new federal laws, 42 U.S.C. Section 1983, plaintiff is able to allege sufficient facts to state a claim that is plausible on its face. Plaintiff will plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct committed.

Beyond plausibility, the plaintiff will show obvious possibility that the defendant has acted unlawfully.

Plaintiffs' allegations will come from actual events with well pleaded factual allegations and supported by case laws.

Plaintiff set of facts is already true and correct under the Amendment, we only need to correct the laws and case laws.

Plaintiff is going to prove that the defendant failed to accommodate plaintiff's due process of law and the duty of fair representation by citing laws from the case laws and accurate law theories and labor laws. Defendant interfered with plaintiff's moral values by trying to get the plaintiff to agree with the director by going against his religious views.

Plaintiff has alleged in his complaint that discrimination was based on race, gender, religion, age and he has facts from a plausible conclusion that could be drawn that defendants discriminated against plaintiff. Plaintiffs' allegations are sufficient to state a claim under 42 U.S.C. Section 1983. The first factual allegation is that the employer committed violation of discrimination. The second factual allegation is that union permitted the violation to go on unrepaired, thus committing its own discrimination and third there was indication that the union's action was motivated by racial bias.

Plaintiff is reporting the actual truth, and the allegations are accurate and well pleaded in the complaint. The proof of plaintiff's performance of the contract is obvious

3

with the proof of the performance pin that plaintiff showed in Exhibits B in the TAC is obvious. It comes from at least one or two years of consistent high-level work. Defendant has no evidence to prove plaintiff's nonperformance of the contract. So, defendants' breach of the contract is evident in their inability to retain or regain plaintiffs' employment. Not only did defendants breach the contract but they also have an illegal contract agreement with the employer L.A. Metro, (Unlawful Business Affiliation) it violates under Section 302 of the Labor Management Act, prohibiting unions from being business partners with employers. From Exhibit L shows that the union and the employer are in an illegal agreement with the Collective bargaining agreement CBA.

In the Report and Recommendation, the judge outlines from the complaint all of the plaintiff's true allegations that actually occurred. The statements are outlined in pages 15 and 16 of the report and recommendations. Those statements are accurately pleaded in the complaint and there is sufficient evidence to prove all those causes of action.

Under California Government Code section 3558 governs public sector labor relations, outlining that both public agencies and unions can be guilty of violating the law such as failing to fulfill the union's duty to fairly represent employees with enforcement handled by the California Public Employment Relations Board (PERB).

Plaintiff fulfilled the obligations of being engaged in a protected activity, based on a "protected activity" is a legally recognized action where an employee exercise their rights (e.g., reporting discrimination, harassment, hostile environment, micro managing or whistleblowing). Under federal and state laws like Title VII and the ADA, Employers are strictly prohibited from firing, demoting, or retaliating against plaintiff for these actions.

Also, plaintiff was subject to an adverse employment action with the exclusion of

4

the promotions and raises and ultimately resulting in termination. There was a direct link for the plaintiff whistleblowing to the union who had an illegal business affiliation with the employer and the defendant interfered with plaintiff right to disagree on the termination action. Under California Labor Code Section 1122 explicitly prohibits employers from organizing, financing, interfering with, dominating or controlling any employee group or labor organization. Also, section 302 of the Labor Management Act prohibits unions from being business partners with employers.

On the gross negligence plaintiff will be removing the NLRA Act and 1981 from the complaint and adding the correct laws of 1991 Amendment to Title VII, congress provided for compensatory recovery and punitive damages in suits against unions under 2000e-2(c). This case law is from the EEOC case law.

Under the gross negligence legal doctrine for violating the duty of fair representation the union's extreme, inexcusable carelessness (gross negligence) can constitute a DFR breach, the legal standard for a breach is broader. A union violates its duty when its conduct towards a member is "arbitrary, discriminatory, or in bad faith."

While Title VII claims require proof of intentional discrimination or disparate impact rather than "gross negligence," a union can incur joint liability if it breaches its legal duties Title VII of the Civil Rights Act of 1964 (Title VII).

**Argument**

Based on the foregoing objections that the plaintiff has mentioned above are justified. Plaintiff has sufficient evidence to prove the allegations that the defendant caused.

**Corrections regarding the availability of a remedy.** The R&R recommends dismissal on the basis that Plaintiff is not entitled to damages. Even if this is foreseeable,

plaintiff has not exhausted all of his administrative remedies and plaintiff has new laws that can strengthen his case.  The new complaint will plead facts supporting evidence and substantial relief for damages.

The exhibits will be well explained and won't contradict the complaint or draw attention to unwarranted deductions of fact or unreasonable inferences.

Plaintiff requests that if the R&R grants to leave to amend the complaint, the plaintiff can correct the defects of said complaint by applying the federal, state, local, new labor laws, government codes and California Civil Codes. This will be added to the laws already in the complaint.

Plaintiff will prove California Labor Code Section 1102.5 by providing proof of the protective activity and show that an adverse action has occurred and proves a causal link between the two existing actions. This will be supported by California Labor Code rules can hold them jointly and severally liable for wage violations, workplace safety issues and retaliation.

Plaintiff will be replacing the 1981 with the 42 U.S.C. Section 1983 and removing all of the NLRA laws, to correct the complaint with new laws and new case laws.

**Conclusion**

For the foregoing reasons, Plaintiff, respectfully objects to the Report and Recommendation of the Magistrate Judge. Plaintiff requests this Court to reject the R&R and deny the opposing party's motion of dismissal and grant leave to amend the complaint to plaintiff.

DATED : ___7 · 13 · 2026___

Dijon Bernard

6

# PROOF OF SERVICE

## DI Jon Bernard v. Smart Transportation

I, Monique Barajas the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5161 Pomona Blvd., Suite 208 Los Angeles, CA 90022.

July 13 2026  I served the within:  Objection to Report and Recommendation

| X | **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California to the person at the address set forth below. |
|---|---|
| | **BY PERSONAL SERVICE:** by causing the above-mentioned documents to be personally delivered to the party listed below through One Hour Delivery. |
| | **BY FACSIMILE:** By sending a copy from facsimile number (323) 685-8064 to the person at the facsimile numbers as set forth below. |
| | **BY OVERNIGHT DELIVERY:** By placing a true copy thereof enclosed in a sealed envelope, to be delivered by guaranteed overnight delivery with Federal Express, to the person at the address as set forth below. |

Bush Gottlieb
801 N Grand Ave #950
Glendale. CA 91203

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 13, 2026, in Los Angeles, California.

_____
Monique Barajas